# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RENE O. CAMPOS, | § | |
| | § | |
| *Plaintiff*, | § | Civil Action No. 4:22-CV-00674 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| WEIS BUILDERS, INC., | § | |
| | § | |
| *Defendant*. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendant Weis Builders, Inc.'s Sealed Motion to Enforce Settlement (Dkt. #25, *sealed*). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED**.

## BACKGROUND

On February 14, 2023, the parties reached an agreement to settle this case and accepted a mediator's proposal detailing the terms of their settlement agreement (*see* Dkt. #25 at pp. 3, 29–33, *sealed*). Each party signed a copy of the mediator's proposal to signify their acceptance of the agreement's terms. The mediator's proposal indicates that Defendant Weis Builders, Inc. agreed to pay Plaintiff Rene Campos a certain sum of money on or before March 30, 2023, in exchange for dismissal of the case with prejudice.

According to the proposal, the parties agreed to execute "releases of liability in favor of one another . . . as to all matters of any kind or nature whatsoever . . ." (Dkt. #25 at p. 30, *sealed*). The proposal states that Plaintiff "shall indemnify and hold harmless [Defendant] . . . from all liability, costs, or expenses in connection with any claims, demands, suits, or the like asserted by any entity

affiliated with [Plaintiff] which relates to the matters which were the subject of the Litigation" (Dkt. #25 at p. 30, *sealed*). The proposal further provides that the parties "shall execute such additional documents as may be reasonably necessary to effectuate the settlement" and that "[f]ormal settlement documents and dismissal pleadings shall be prepared and executed by the parties" on or before the deadline for payment of the settlement amount (Dkt. #25 at p. 30, *sealed*).

In an effort to memorialize their settlement agreement, the parties circulated between each other what Defendant refers to as a "draft final settlement agreement" (Dkt. #25 at p. 3, *sealed*). Because the parties could not agree on the contents of such document, however, the parties were unable to meet the original deadline for filing closing documents set in the Court's February 17, 2023, Order (Dkt. #17). When granting the parties' second request for an extension of that deadline, the Court ordered the parties to file either closing documents or competing motions to enforce the settlement agreement on or before April 10, 2023 (Dkt. #22).

On April 11, 2023, Defendant filed the pending motion. On April 24, 2023, Plaintiff filed a response (Dkt. #27, *sealed*). On May 1, 2023, Defendant filed a reply (Dkt. #31, *sealed*). On September 27, 2023, the Court held a telephonic hearing on the pending motion and took the matter under advisement after hearing arguments from the parties (*See* Minute Entry entered on 9/27/2023). On October 4, 2023, Plaintiff filed a Notice of Settlement Performance indicating that Plaintiff has delivered a fully executed Release and Indemnity Agreement (Dkt. #35, Exhibit 1, *sealed*).

## LEGAL STANDARD

"[A] district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th

Cir. 1994). "[A]lthough federal courts possess the inherent power to enforce agreements entered into in settlement of litigation, the construction and enforcement of settlement agreements is governed by principles of state law applicable to contracts generally." *Lockette v. Greyhound Lines, Inc.*, 817 F.2d 1182, 1185 (5th Cir. 1987) (citation omitted). "More specifically, the enforceability of a settlement agreement in a diversity case tried in a federal district court in Texas is governed by the provisions of Rule 11, Texas Rules of Civil Procedure." *Borden v. Banacom Mfg. & Mktg., Inc.*, 698 F. Supp. 121, 123 (N.D. Tex. 1988).

Texas Rule of Civil Procedure 11 ("Rule 11") requires settlement agreements to "be in writing, signed and filed with the papers as part of the record." TEX. R. CIV. P. 11. To be enforceable, a settlement agreement must comply with Rule 11. *Padilla v. LaFrance*, 907 S.W.2d 454, 462 (Tex. 1995). A Rule 11 settlement agreement must contain all the essential terms of the settlement. *Id.* at 460. "Essential or material terms of a Rule 11 settlement agreement include payment terms and release of claims." *MKM Eng'rs, Inc. v. Guzder*, 476 S.W.3d 770, 778 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing *Padilla*, 907 S.W.2d at 460–61). "While Texas courts favor validating transactions rather than voiding them, a court may not create a contract where none exists and generally may not add, alter, or eliminate essential terms." *Id.* The question of whether a settlement agreement contains all the essential terms is a question of law. *See McCalla v. Baker's Campground, Inc.*, 416 S.W.3d 416, 418 (Tex. 2013).

A party's action to enforce a settlement agreement is "tantamount to an action for breach of contract remediable under state but not federal law." *See Langley v. Jackson State Univ.*, 14 F.3d 1070, 1074 (5th Cir. 1994) (citation omitted); *see also Hannah v. Piccadilly Holdings, LLC*, No. 3:18-CV-493-CWR-FKB, 2020 WL 13499603, at *2 (S.D. Miss. Jan. 10, 2020) ("The Supreme Court

has explained that a motion to enforce a settlement agreement is essentially a claim for breach of contract . . . .") (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)); Under Texas law, there are four elements for a breach of contract claim: (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages sustained by the plaintiff as a result of the breach." *Young v. Ershick*, 617 F. Supp. 3d 563, 592 (E.D. Tex. 2022) (J. Mazzant) (citing *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)).

## ANALYSIS

Defendant moves to enforce the parties' settlement agreement and asks the Court to order Plaintiff to sign Defendant's proposed version of the parties' formal document memorializing the settlement agreement (Dkt. #25, Exhibit D, *sealed*). Defendant argues that its version of the formal settlement document, which includes a release of liability for Plaintiff and a modified version of the indemnity clause in the mediator's proposal, is the proper instrument to implement the parties' accepted settlement agreement. In essence, Defendant is asking the Court to award specific performance despite not labeling the relief as such. "Specific performance is an equitable remedy that may be awarded upon a showing of a breach of contract." *See Young*, 617 F. Supp. 3d at 594 (citing Texas cases). Plaintiff, on the other hand, argues that the Court should order Defendant to sign Plaintiff's proposed version of the settlement agreement (*see* Dkt. #27 at p. 5, *sealed*) but then appears to recant this position in Plaintiff's Notice of Settlement Performance (*see* Dkt. #35 at pp. 1–2, *sealed*).

The parties ultimately do not dispute that the mediator's proposal is an enforceable settlement agreement (Dkt. #25 at p. 3, *sealed*; Dkt. #27 at p. 1, *sealed*; Dkt. #31 at p. 3, *sealed*). The

mediator's proposal complies with Rule 11 because it is in writing, signed by both parties, and has been filed with the papers as part of the record. *See* TEX. R. CIV. P. 11; *Pikulin v. ASARCO, LLC*, No. 2:18-CV-4-D, 2019 WL 1299986, at *2 (N.D. Tex. Feb. 21, 2019), *report and recommendation adopted*, No. 2:18-CV-004-D, 2019 WL 1294651 (N.D. Tex. Mar. 21, 2019) (finding that Rule 11 requirements were met because a party had filed both signed copies of the mediator's proposal with their motion to enforce settlement).

Further, the mediator's proposal contains all the essential terms of the settlement because it provides that the parties shall execute releases of liability and includes compensation terms. *See Young*, 617 F. Supp. 3d at 581–82 ("Texas courts have long 'held that the essential terms for a settlement agreement are the amount of compensation and the liability to be released.'") (citation omitted); *see, e.g.*, *MKM Eng'rs, Inc.*, 476 S.W.3d at 782 (concluding that Rule 11 agreement contained all material terms because it contained payment terms and a statement that the parties will exchange mutual releases); *see Padilla*, 907 S.W.2d at 460–61 (finding all material terms of the agreement existed where terms included agreement to pay amount in exchange "for full and final settlement of this case"); *Cantu v. Moore*, 90 S.W.3d 821, 825 (Tex. App.—San Antonio 2002, pet. denied) (holding that settlement agreement contained all material terms when one party agreed to pay other party $150,000 and all parties agreed to execute full releases though agreement did not contain the source of the funds from which the settlement was to be paid and the terms of the indemnity); *CherCo Props., Inc., v. Law, Snakard & Gambill, P.C.*, 985 S.W.2d 262, 266 (Tex. App.—Fort Worth 1999, no pet.) (holding that settlement agreement that included payment terms and statement that parties would execute mutual releases contained all material terms and finding that a time for performance was not a material term).

In addition, no party contends that the mediator's proposal was subject to the execution of a more formal document memorializing the settlement before it became a binding agreement. "Parties may enter into a binding settlement agreement even if the parties contemplate that a more formal document memorializing the agreement will be executed at a later date." *Young*, 617 F. Supp. 3d at 577 (collecting cases).  The mediator's proposal clearly refers to itself as the settlement agreement when stating that the "parties shall keep the terms of this Settlement Agreement confidential . . .", and there is no reason to believe that the parties did not intend to be bound by its terms (Dkt. #25 at 31, 33, *sealed*). Based on the parties' representations and the plain language of the mediator's proposal, the Court finds that the mediation agreement was not merely an agreement to agree but instead a binding contract that both parties accepted to settle this case. *See id.* at 578 ("Although the intent of the parties to be bound is generally a question of fact, it may be determined as a matter of law where that intent is clear and unambiguous on the face of the agreement.").

Although Defendant alludes to what it perceives as potential shortcomings in the agreement—such as Plaintiff's proposed release language being disfavored under Texas law and that the parties never had a meeting of the minds as to the indemnity clause under Plaintiff's interpretation—Defendant never raises unenforceability as an issue in its motion but instead declares the opposite throughout its briefing. Indeed, Defendant's own motion presumes the enforceability of the mediator's proposal, contradicting notions to the contrary. Thus, the Court concludes that the mediator's proposal signed by both parties is a valid settlement agreement in and of itself.

The Court, however, cannot grant Defendant's requested relief because Defendant's proposed version of a more formal settlement document modifies the language in the agreed upon indemnity clause and the Court may not alter essential terms. *See MKM Eng'rs, Inc.*, 476 S.W.3d at 778. ). The indemnity clause states that Plaintiff "shall indemnify and hold harmless [Defendant] . . . from all liability, costs, or expenses in connection with any claims, demands, suits, or the like asserted by any entity affiliated with [Plaintiff] which relates to the matters which were the subject of the Litigation" (Dkt. #25 at p. 30, *sealed*). Essentially, Defendant asks the Court to determine the meaning and scope of this agreed upon language. Such an interpretation, however, is not necessary to resolve the issue before the Court. The Court finds that Defendant has failed to meet its burden of showing that it is entitled to the relief sought. Accordingly, Defendant's motion to enforce the settlement agreement should be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant Weis Builders, Inc.'s Sealed Motion to Enforce Settlement (Dkt. #25, *sealed*) is hereby **DENIED without prejudice**.

**IT IS SO ORDERED**.

**SIGNED this 17th day of July, 2024.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE