# United States District Court
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RENE O. CAMPOS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 4:22-cv-674 |
| v. | § | Judge Mazzant |
| | § | |
| WEIS BUILDERS, INC., | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER AND FINAL JUDGMENT

Pending before the Court is Plaintiff's Motion for Entry of Final Judgment (Dkt. #38). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **GRANTED in part** and **DENIED in part**.

This lawsuit concerns a construction contract. The parties agreed to settle that dispute. A new one has since arisen. The issue is whether Plaintiff Rene O. Campos is entitled to pre- and post-judgment interest and attorney's fees because Defendant Weis Builders, Inc. delayed performance of its obligations under the Mediator's Proposal that the Court previously held as a binding settlement agreement (Dkt. #40). Plaintiff is not.

On February 14, 2023, the parties accepted and signed a Mediator's Proposal that detailed the terms of the settlement agreement (Dkt. #40 at p. 1). Under that agreement, Defendant agreed to pay Plaintiff a particular sum of money on or before March 30, 2023, in exchange for dismissal of the case with prejudice (Dkt. #40 at p. 1). On April 11, 2023, however, Defendant filed a Motion to Enforce Settlement Agreement when a good-faith dispute over the settlement agreement emerged (Dkt. #25). The Court denied that Motion on July 17, 2024, and held that the Mediator's Proposal that the parties signed constituted the binding settlement agreement (Dkt. #40). Eight

days later, Defendant fulfilled its obligations under the settlement agreement (Dkt. #45-2). Earlier, however, on July 9, 2024, Plaintiff filed the instant Motion seeking attorney's fees and pre- and post-judgment interest due to Defendant's delayed settlement payment (Dkt. #38).

The Court sees no valid basis to award Plaintiff pre- and post-judgment interest or attorney's fees. The parties had a good-faith dispute, during which Defendant did not discharge its duties under the Mediator's Proposal. Neither party prevailed (Dkt. #40). That dispute has been resolved (Dkt. #40). Defendant paid promptly upon its resolution (Dkt. #45-2). The Court's prior Memorandum Opinion and Order resolving that dispute determined that the Mediator's proposal governs (Dkt. #40). That agreement states that the parties "shall bear their own costs and attorneys' fees" (Dkt. #27-1 at p. 1). The terms of that agreement will be enforced. Accordingly, the Court will not award pre- and post-judgment interest or attorney's fees. The Court does, however, grant Plaintiff's Motion insofar as entry of final judgment is appropriate.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Entry of Final Judgment (Dkt. #38) is hereby **GRANTED in part** and **DENIED in part**. Plaintiff's request for attorney's fees and pre- and post-judgment interest is **DENIED**. Plaintiff's request for final judgment is **GRANTED**. The Court will enforce the signed Mediator's Proposal in full, as it has previously held that the Mediator's Proposal constitutes the binding settlement agreement between the parties (Dkt. #40). Defendant is ordered to execute a release in favor of Plaintiff in accordance with the Mediator's Proposal, if it has not already done so (*See* Dkt. #50 at p. 4; Dkt. #27-1).

Therefore, pursuant to this Memorandum Opinion and Order, it is **CONSIDERED, ORDERED,** and **ADJUDGED** that Plaintiff's case is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**SIGNED this 16th day of June, 2025.**


_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE